

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2007

# In Re: Kevin Flood

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3561

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Kevin Flood " (2007). *2007 Decisions.* Paper 224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-37                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3561
_____

IN RE: KEVIN PATRICK FLOOD,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Civ. No. 06-cv-00082J)
District Judge: The Honorable Kim R. Gibson

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 25, 2007

Before:     BARRY, CHAGARES AND VAN ANTWERPEN, CIRCUIT JUDGES.

(Opinion filed November 9, 2007)
_____

OPINION
_____

PER CURIAM

    Kevin Flood was tried before a jury in May 2007 on charges of conspiracy to

possess and distribute marijuana, possession with intent to distribute marijuana, and

possession of a firearm by a felon. Before the trial, Flood filed a motion in which he

moved for the audiotapes to be tested to confirm their authenticity. The district court

found that Flood had missed the deadline for filing pretrial motions and that he had

otherwise not raised any basis for requiring such testing. The court denied the motion.

Months later, after the trial, the jury convicted him on all charges.

Flood has now filed a petition for writ of mandamus and for other relief, alleging a conspiracy to tamper with, delete or destroy certain audio surveillance tapes made by police in their investigation of him on the drug charges. He requests that certain officials named by him be ordered to investigate and file appropriate criminal charges against those responsible. We will deny the petition.

A writ of mandamus will only issue under extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). A petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976).

Flood does not meet the stringent requirements for relief here. He maintains that the audiotapes contained favorable evidence to his defense to the criminal charges. But Flood has not demonstrated that he has no alternative remedy or other adequate means of relief. Indeed, as he previously filed a motion challenging the tapes' authenticity during the course of his criminal case, the proper course would be for him to raise the issue in his direct criminal appeal. A writ of mandamus is not a substitute for an appeal. See In re Ford Motor Co., 110 F.3d 954, 957 (1997). Furthermore, Flood contends that he has filed a civil action in which he has now included claims of audiotape tampering in his supplemental complaint. There are no "extraordinary circumstances" meriting mandamus relief here, particularly where Flood is already attempting to otherwise litigate his claims

2

of tampering in a civil action.

For these reasons, we will deny the petition for mandamus relief. The "Motion Requesting Rule 48 Masters" and his motion seeking appointment of counsel are denied.